UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In the Matter of: | : | Case No. 10-55776 |
| | : | Chapter 7 |
| Brian M. Greene | : | Judge C. Kathryn Preston |
| Penny S. Greene | | |
| | : | |
| Debtors | : | |

## APPLICATION BY DAVID M. WHITTAKER, TRUSTEE, FOR AUTHORITY TO EMPLOY HAHN LOESER & PARKS LLP AS SPECIAL COUNSEL

David M. Whittaker ("the Trustee"), the Trustee in the Chapter 7 case filed by Brian M. Greene and Penney S. Greene (the "Debtors") applies to the Court (this "Application") for an Order pursuant to the provisions of 11 U.S.C. §§ 105 and 327, Federal Rule of Bankruptcy Procedure 2014 and Local Bankruptcy Rule 2014-1 authorizing the employment of Hahn Loeser & Parks LLP ("HLP") as special counsel for the Trustee upon the terms and conditions set forth in this Application and for the purposes set forth in this Application.

In support of this Application, the Trustee relies upon (a) the Affidavit of Arland T. Stein, Esq. (the "Stein Affidavit") that is attached to this Application as Exhibit A and incorporated herein by reference, and (b) the following statements and representations:

### JURISDICTION

1. This Court has jurisdiction over this Application under 28 U.S.C. § 1334. Venue of this proceeding is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The subject matter of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory basis for the relief requested are 11 U.S.C. §§ 105(a) and 327, Federal Rules of Bankruptcy Procedure 2014 and 5002, and Local Bankruptcy Rule 2014-1.

## BACKGROUND

3. The Debtors filed their Chapter 7 case on May 13, 2010.

4. The Trustee was appointed by the U.S. Trustee pursuant to 11 U.S.C. §701.

5. The Trustee has determined that prior to the filing of their bankruptcy petition the Debtors were involved in consolidated cases pending in the U.S. District Court for the Southern District of Ohio Eastern Division styled as follows:

Brian Greene et al.

    v.    Case No. 2:10-CV-00038

Ab Coaster Holdings Inc.

and

Ab Coaster Holdings Inc.

    v.    Case No. 2:10-CV-00234

Brian Greene et al.

(the "Litigation")

6. HLP has represented the Debtors in the Litigation.

7. The Trustee has reviewed the pleadings in the Litigation, and the Trustee has met with HLP regarding the status of the Litigation and the merits of the Litigation.

8. Based upon the Trustee's investigation regarding the Litigation, the Trustee has determined that the Debtors and Ab Coaster Holdings Inc. have asserted claims and counter-claims against each other based upon various provisions of federal patent, trademark and copyright law. The Trustee has further determined that the Debtors' claims and counterclaims in the Litigation appear to have merit and that it is possible that the Debtors' claims and counterclaims may yield net proceeds for the benefit of the bankruptcy estate.

4011080v1

9. Accordingly, the Trustee believes that it is in the best interests of the bankruptcy estate for the Debtors' claims and counterclaims in the Litigation to be administered by the Trustee and for the Trustee to be represented in the Litigation.

10. The Trustee also believes that it is in the best interests of the bankruptcy estate for the Trustee to be authorized to employ HLP as special counsel to represent the Trustee in the Litigation.

**RELIEF REQUESTED**

11. The Trustee respectfully requests the entry of an Order pursuant to 11 U.S.C. § 327(e) authorizing the Trustee to employ and retain HLP as special counsel pursuant to the terms and conditions provided in this Application and related documents to perform the legal services that will be necessary to represent the Trustee in the Litigation.

12. The Trustee further requests that the Court approve the following agreement regarding the payment of compensation to HLP and the reimbursement of expenses incurred by HLP:

A. HLP will be entitled to be compensated pursuant to a contingent fee arrangement whereby HLP will receive forty percent (40%) of the gross proceeds from the settlement or other resolution of the Litigation.

B. In addition, HLP will be entitled to be reimbursed its actual and necessary expenses associated with the representation of the Trustee in the Litigation.

C. Pursuant to the provisions of 11 U.S.C. § 328(a), all compensation to be paid to HLP and all expenses to be reimbursed o HLP will be subject to the final approval of the Bankruptcy Court at the time of the resolution of the Litigation. In addition, notwithstanding the terms and conditions of employment that may be ordered by the Court, the Court may allow compensation different from the compensation provided in

3

the retention order if such terms and conditions prove to have been improvident in light of the developments not capable of being anticipated at the time of the fixing of the employment terms.

## BASIS FOR THE RELIEF REQUESTED

13.     11 U.S.C. § 327(e) provides that the Court may authorize the Trustee to employ an attorney that has represented the Debtors so long as the employment is for an identified specific purpose and so long as the attorney does not represent or hold any interest adverse to the Debtors or adverse to the bankruptcy estate with respect to the matter for which the attorney is to be employed. The employment of HLP to represent the Trustee in the Litigation is authorized pursuant to this code section.

14.     The Trustee believes that the employment of HLP as special counsel is in the best interests of the bankruptcy estate for the following reasons:

  A.     HLP has represented the Debtors in the Litigation and is familiar with the facts and circumstances of the Litigation. The employment by the Trustee of different counsel to handle the Litigation would require that the new counsel become familiar with the Litigation. The employment of new counsel by the Trustee would be disruptive to the Litigation and could cause delays and lead to a less effective resolution of the Litigation.

  B.     HLP has substantial experience in handling issues like those presented in the Litigation. The patent, trademark and copyright issues in the Litigation are specialized and complicated areas of the law. The interests of the bankruptcy estate in the Litigation can only be properly protected by experienced and able counsel. Arland Stein of HLP will be the attorney primarily responsible for representing the Trustee. Mr. Stein has been an attorney since 1965 and his law practice has focused on intellectual property and litigation.

15. HLP does not hold any interest adverse to the Debtors or adverse to the bankruptcy estate that would prevent it from being employed as special counsel regarding the Litigation. HLP's pre-petition representation of the Debtors in the Litigation does not preclude HLP from being employed as special counsel, and there are no other impediments to the employment of HLP for the limited purpose requested.

16. HLP has performed a conflicts search regarding the creditors in the Debtors' case. HLP has represented and/or represents the following creditors in matters unrelated to the Debtors or the Litigation:

    A. Capital One Bank
    B. Chase Bank
    C. Wells Fargo Bank
    D. Bank of America
    E. Charter One
    F. HSBC
    G. American Eagle
    H. Citizens Bank
    I. Flagstar Bank

17. HLP has also represented Bricker & Eckler LLP ("B&E") in matters unrelated to the Debtors or the Litigation. The Trustee is a partner in B&E.

18. HLP will not represent any creditor or other party in conjunction with the Debtors' case or the Litigation.

19. The Trustee believes that HLP is a disinterested party as defined in 11 U.S.C. § 101(14). HLP has not received any fees or retainer from the Debtors or the bankruptcy estate for the period from one year prior to the filing of the Debtors' petition through the time of this Application except for the following payments received from the Debtors which were applied by HLP to earned fees and expenses associated with the Litigation:

| Payment Amount | Date of Payment |
|---|---|
| $5000 | January 28, 2010 |
| $2000 | March 5, 2010 |

20. To the best of the Trustee's knowledge no parties, attorney or employer of HLP is related to or connected with the United States Trustee, or any person employed in the office of the United States Trustee.

21. To the best of the Trustee's knowledge, the employment of HLP is not prohibited by or improper pursuant to the provisions of Federal Rule of Bankruptcy Procedure 5002.

WHEREFORE, the Trustee requests an Order of the Court authorizing the employment of HLP as special counsel to represent the Trustee and the bankruptcy estate specifically with respect to the Litigation.

Respectfully submitted,

/s/ David M. Whittaker
David M. Whittaker, Esq.   (0019307)
Attorney for David M. Whittaker, Trustee
Bricker & Eckler LLP
100 South Third Street
Columbus, OH 43215
Phone:  (614) 227-2355
Fax:  (614) 227-2390
Email:  dwhittaker@bricker.com

**NOTICE OF APPLICATION TO EMPLOY
HAHN LOESER & PARKS LLP AS SPECIAL COUNSEL**

David M. Whittaker, Trustee has filed an Application to Employ Hahn Loeser & Parks LLP as Special Counsel for the Trustee.

**Your rights may be affected.  You should read these papers carefully and discuss**

**them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to approve the Trustee's Application or if you want the Court to consider your views on the Application, then on or within twenty-one (21) days of the date of this notice, you or your lawyer must file a written response with the Bankruptcy Court explaining your position at:

Clerk of Courts
United States Bankruptcy Court
170 N. High Street
Columbus, OH 43215

Or you may file your response using the Court's ECF filing system.

If you mail your request to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the date stated above.

You must also mail a copy to and serve a copy by ECF on:

David M. Whittaker, Esq.
Bricker & Eckler LLP
100 South Third Street
Columbus, OH 43215
dwhittaker@bricker.com

United States Trustee
170 N. High Street, Suite 200
Columbus, OH 43215
ustpregion09.cb.ecf@usdoj.gov

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Application and may enter an Order granting that relief without further notice or hearing.

4011080v1

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Application to Employ Hahn Loeser & Parks LLP as Special Counsel for the Trustee was served on the parties listed below in the manner specified on September 16, 2010:

                                          /s/ David M. Whittaker
                                          David M. Whittaker, Esq.   (0019307)
                                          Attorney for David M. Whittaker, Trustee

The following parties were served by ECF at the email address registered with the Court:

| | |
|---|---|
| US Trustee | Pamela Arndt, Esq. |
| | Office of the U.S. Trustee |

The following parties were served by ECF at the email address registered with the Court and by US mail at the address indicated:

Arland T. Stein, Esq.
Hahn Loeser & Parks LLP
65 E. State St., Suite 1400
Columbus, OH 43215

David E. Mortimer, Esq.
308 James Court, Suite 2
P.O. Box 788
Zanesville, OH 43702-0788

John J. Cruciani, Esq.
Husch Balckwell LLP
4801 East Main St., Suite 1000
Kansas City, MO 64112

The following parties were served by US mail at the address indicated:

Chase Bank USA, NA
c/o Mark J Schultz
9140 Ward Parkway, Ste. 200
Kansas City, MO 64114

Ab Coaster Holdings Inc
1007 Orange St Ste 1410
Wilmington DE 19801

Am-eagle/mccbg/GEMB
Attention: Bankruptcy
PO Box 103104
Roswell, GA 30076

Bank of America
P.O. Box 15019
Wilmington, DE 19886-5019

Bmos/cbsd
PO Box 6497
Sioux Falls, SD 57117

Capital One, N.a.
C/O American Infosource
PO Box 54529
Oklahoma City, OK 73154

Charter One
1215 Superior Ave
Cleveland, OH 44114-3299

Charter One/Citizens
1 Citizens Dr.
Mailstop RDC160
Riverside, RI 02915

Chase
P.O. Box 15153
Wilmington, DE 19886-5153

Chase
P.O. Box 9001801
Louisville, KY 40290-1801

Citizens Bank
480 Jefferson Blvd
Rje 135
Warwick, RI 02886

Discover
P.O. Box 6103
Carol Stream, IL 60197-6103

FIA Card Services
P.O. Box 15019
Wilmington, DE 19886-5019

Flagstar Bank
P.O. Box 371891
Pittsburgh, PA 15250-7891

Gemb/jcp
Attention: Bankruptcy
PO Box 103104
Roswell, GA 30076

Hsbc Bank
Attn: Bankruptcy
PO Box 5253
Carol Stream, IL 60197

Macys/fdsb
Macy's Bankruptcy
PO Box 8053
Mason, OH 45040

Michael & Carolyn Vawter
1918 Yorktown Court
Lancaster, OH 43130

Nextcard Inc
PO Box 60610
Phoenix, AZ 85082

Sears
PO Box 183081
Columbus, OH 43218-3081

Small Business Administration
801 Tom Martin Dr. Suite 120
Birmingham, AL 35211

Victoria's Secret
PO Box 182124
Columbus, OH 43218

Visdsnb
Attn: Bankruptcy
PO Box 8053
Mason, OH 45040

Wells Fargo
P.O. Box 6426
Carol Stream, IL 60197-6426

Western Mass Credit Corp.
70 Post Office Park, Suite 7011
Wilbraham, MA 01095

Wffnb Retail
PO Box 94498
Las Vegas, NV 89193

Wfnnb/chadwk
Attn: Bankruptcy
PO Box 182124
Columbus, OH 43218

Wfnnb/justice
555 W 112 Ave
Northglenn, CO 80234

Brian M. Greene
2333 Hawk St.
Lancaster, OH 43130

Penny S. Greene
2333 Hawk St.
Lancaster, OH 43130

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | : | Case No. 10-55776 |
| | : | Chapter 7 |
| Brian M. Greene | : | Judge C. Kathryn Preston |
| Penny S. Greene | | |
| | : | |
| Debtors | : | |

## AFFIDAVIT OF ARLAND T. STEIN, ESQ.

STATE OF OHIO

                       ss

COUNTY OF FRANKLIN

Arland T. Stein, Esq., being duly sworn, states as follows:

1. I am an attorney and am licensed to practice in the U.S. District Court for the Southern District of Ohio.

2. I am a partner in the law firm of Hahn Loeser & Parks LLP ("HLP"), and I am authorized to make this Affidavit on behalf of HLP.

3. This Affidavit is submitted in support of the Application (the "Application") by David M. Whittaker Trustee (the "Trustee") to employ HLP as special counsel for the Trustee.

4. To the best of my knowledge, all of the information contained in the Application is accurate.

5. HLP will represent the Trustee in the Litigation described in the Application (the "Litigation").

6. HLP will be compensated for its representation on the contingent fee basis described in the Application.

7. HLP will be reimbursed for its actual and necessary expenses incurred in the representation of the Trustee.

8. HLP acknowledges and agrees that pursuant to 11 U.S.C. § 328(a) all compensation to be paid to HLP and all expenses to be reimbursed to HLP is subject to the final approval by the Bankruptcy Court at the time of the resolution of the Litigation.

9. HLP further acknowledges and agrees that pursuant to 11 U.S.C. § 328(a), notwithstanding the terms and conditions of the HLP employment that may be ordered by the Court, the Court may allow compensation different from the compensation provided in the retention order if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of the employment terms.

10. HLP does not represent or hold any interest adverse to the Debtors or adverse to the bankruptcy estate with respect to the matter for which HLP will be employed.

11. HLP has not received any payment or retainer from the Debtors or from the bankruptcy estate from the period from one year prior to filing of the Debtors' petition through the date of the Application except for the following payments received from the Debtors which were applied by HLP to earned fees and expenses associated with the Litigation:

| Payment Amount | Date of Payment |
| --- | --- |
| $5000 | January 28, 2010 |
| $2000 | March 5, 2010 |

12. Pursuant to Bankruptcy Rule 2016(b), HLP has not shared, nor agreed to share (a) any compensation it may receive in conjunction with the Debtors' case with another party or person, other than with the partners, counsel and associates of HLP, or (b) any compensation another person or party has received or may receive in conjunction with the Debtors' case.

4011494v1

13. In accordance with the requirements of Bankruptcy Rule 5002, I am not related, and to the best of my knowledge, no attorney of HLP is related to any United States Bankruptcy Judge in this District or to the United States Trustee for this District or any employee thereof.

14. HLP has represented the Debtors with respect to the Litigation. HLP has no other relationship with the Debtors.

15. HLP is not a creditor in the Debtors' case.

16. HLP has performed a conflicts search regarding the creditors in the Debtors' case. HLP has determined that it has represented and/or represents the following creditors in matters unrelated to the Debtors or the Litigation:

    A. Capital One Bank
    B. Chase Bank
    C. Wells Fargo Bank
    D. Bank of America
    E. Charter One
    F. HSBC
    G. American Eagle
    H. Citizens Bank
    I. Flagstar Bank

17. HLP has also represented Bricker & Eckler LLP ("B&E") in matters unrelated to the Debtors or the Litigation. The Trustee is a partner in B&E.

18. HLP will not represent any creditor or other party in conjunction with the Debtors' case.

19. HLP is disinterested as defined in 11 U.S.C. § 101(14) with respect to the matters for which it is to be employed.

20. HLP is not aware of any reason why its proposed employment is not proper or may not be authorized pursuant to 11 U.S.C. § 327(e).

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

4011494v1

                                                /s/ Arland T. Stein
                                                Arland T. Stein, Esq.
                                                Hahn Loeser & Parks LLP
                                                65 E. State St., Suite 1400
                                                Columbus, OH 43215

The foregoing Affidavit was signed and sworn to by Arland T. Stein on September 15, 2010.

                                                /s/ Rex W. Miller, II
                                                Rex W. Miller, II, Attorney at Law
                                                Notary Public – State of Ohio
                                                My commission has no expiration date
                                                Sec. 147.03 R.C.

(SEAL)