IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Brian M. & Penny S. Greene, | ) | Case No. 10-55776 |
| | ) | |
| Debtors. | ) | Judge C. Kathryn Preston |
| | ) | |
| UNITED STATES TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adversary No. _____ |
| | ) | |
| Brian M. & Penny S. Greene, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT OBJECTING TO DISCHARGE

Plaintiff, Daniel M. McDermott, United States Trustee ("UST"), brings this action pursuant to 11 U.S.C. §§ 727(a)(2)(A) and 727(a)(4)(A) for denial of the discharge of Brian M. & Penny S. Greene, ("Defendants" or "Debtors"). In support of this complaint, the United States Trustee respectfully states as follows:

### PARTIES

1. Plaintiff, Daniel M. McDermott, is the United States Trustee appointed pursuant to 28 U.S.C. § 581 for Region 9, which includes the judicial district of Ohio.

2. As of the date of the Chapter 7 filing, Defendants, Brian M. & Penny S. Greene, had a last known address of 2333 Hawk St., Lancaster, Ohio 43130.

## JURISDICTION

3. This is an adversary proceeding in which the United States Trustee is seeking a denial of the discharge of the Defendants under 11 U.S.C. §§ 727(a)(2)(A) and 727(a)(4)(A) . This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334(b). Pursuant to 28 U.S.C. § 157(b)(2)(J), this is a "core" proceeding. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a). The UST has standing to file this complaint pursuant to 11 U.S.C. §§ 307 and 727(c)(1).

## PROCEDURAL BACKGROUND AND FACTS

4. The Defendants filed a voluntary Chapter 7 Petition with all required schedules and statements on May 13, 2010 ("Petition Date") (Docket No. 1).

5. The Meeting of Creditors was conducted on June 17, 2010, by Trustee David Whittaker.

6. The Defendants testified at the Meeting of Creditors that their bankruptcy petition and schedules filed were accurate and complete; that they had listed all of their assets and debts; and, that they were not involved in any lawsuits or legal actions where they might receive money or property.[1]

8. Per Defendants' Schedule B, Defendants did not have the right to any claims on the date of filing. *See*, Schedule B, #21, Docket No. 1.

9. Per Defendants' Statement of Financial Affairs, Defendants were not a party to any lawsuits within one year immediately preceding the filing of the bankruptcy case. *See*, Statement of Financial Affairs, #4, Docket No. 1.

10. Per Defendants' Schedule B, Defendants did not have any inventory. *See*, Schedule B, #30, Docket No. 1.

---

[1] The UST did not attend the Meeting of Creditors, but has listened to the recording of same. Undersigned counsel has requested a transcript of said Meeting, but the transcript is not available as of the date of filing this Complaint.

2

11. As of the date of filing, the Defendants were actively engaged in a lawsuit known as *Brian Greene, et al. v. Ab Coaster Holdings, Inc.*, ("Greene Plaintiff Lawsuit") United States District Court, Southern District of Ohio, Eastern Division, Case No. 2010 CV 00038. The Greene Plaintiff Lawsuit was filed on January 13, 2010 and remains active to date. The Complaint's prayer for relief includes a "Grant for judgment for Plaintiffs for the costs of this action and reasonable attorney's fees[.]" *See*, United States District Court, Southern District Court of Ohio docket for Case No. 2010 CV 00038 which is attached hereto as Exhibit A and incorporated herein. Complaint for *Brian Greene, et al. v. Ab Coaster Holdings, Inc.* is attached hereto as Exhibit B and incorporated herein.

12. In the Greene Plaintiff Lawsuit, the Debtors filed a Response in Opposition to Defendant's Motion to Dismiss or Transfer Proceedings ("Response") on March 18, 2010. The Response states on that "The Greenes Intend to Seek Attorneys Fees Under 17 U.S.C. § 505 for Ab Coaster's Unfounded Claim for Copyright Infringement and Statutory Damages." *See*, Response attached hereto as Exhibit C and incorporated herein. *See also* Exhibit A.

13. In the Greene Plaintiff Lawsuit, the Debtors filed a First Amended Complaint for Declaratory Judgment and False Marking ("Amended Complaint") on April 6, 2010. The Amended Complaint's prayer for relief includes a requested "penalty be levied against Ab Coaster Holdings of up to $500 per offense pursuant to 35 U.S.C. § 292, for a total amount to be determined." *See*, Amended Complaint attached hereto as Exhibit D and incorporated herein. *See also* Exhibit A.

14. As of the date of filing, the Defendants were actively engaged in a lawsuit known as *Ab Coaster Holdings, Inc. v. Brian Greene, et al.*("Greene Defendant Lawsuit") United States District Court, Southern District of Ohio, Eastern Division, Case No. 2010

CV 00234. The Greene Defendant Lawsuit was filed on January 20, 2010 and remains active to date. The Debtors' Answer, filed on February 11, 2010, requests the following relief "Answering Defendant be awarded costs of suit incurred in the defense of this suit" and "Answering Defendant be awarded their attorney fees incurred in the defense of this suit." *See*, U.S. District Court, Southern District Court of Ohio docket for Case No. 2010 CV 00234 which is attached hereto as Exhibit E and incorporated herein. The Answer is attached hereto as Exhibit F and incorporated herein.

15. On August 13, 2010, the Defendants amended Schedule B to include their claim against Ab Coaster holdings, Inc., *Brian Greene, et al. v. Ab Coaster Holdings, Inc.*, ("Greene Plaintiff Lawsuit") United States District Court, Southern District of Ohio, Eastern Division, Case No. 2010 CV 00038. *See*, Amended Schedules Filed: Schedule B #21, Docket No. 14.

16. On August 13, 2010, the Defendants amended Statement of Financial Affairs to include the separate lawsuits of *Brian Greene, et al. v. Ab Coaster Holdings, Inc.* and *Ab Coaster Holdings, Inc. v. Brian Greene, et al. See*, Amended Document Statement of Financial Affairs #4, Docket No. 15.

17. On September 16, 2010, the Defendants again amended Schedule B to include their inventory of 61 Ab Coasters. *See*, Amended Schedules Filed: Schedule B #30, Docket No. 37.

18. The Defendants failed to disclose these potential assets on Schedule B.

19. The Defendants failed to disclose the Greene Plaintiff Lawsuit and Greene Defendant Lawsuit on the Statement of Financial Affairs.[2]

---

[2] The Debtors amended Schedule B and the Statement of Financial Affairs as listed above. The UST can only assume, however, that the amendments were filed after the creditor, Ab Coasters Holidings, Inc., became aware of the Debtors' bankruptcy case.

4

20. The Defendants made false oaths regarding their assets and claims, the Greene Plaintiff Lawsuit and the Greene Defendant Lawsuit, at the Meeting of Creditors.

## COUNT I

### DENIAL OF DISCHARGE UNDER 11 U.S.C. § 727(a)(2)(A)

21. The UST repeats and incorporates all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

22. 11 U.S.C. § 727(a)(2)(A) provides that the Court shall grant a debtor a discharge unless the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed - property of the debtor, within one year before the date of the filing of the petition.

23. The Debtors purposefully concealed a potential claim and assets, specifically the claim against Ab Coaster Holdings, Inc. in the case known as *Brian Greene, et al. v. Ab Coaster Holdings, Inc.* and the inventory of 61 Ab Coasters, with specific intent to defraud an officer of the estate.

24. The Debtors' concealment of a potential assets of the estate warrants a denial of discharge pursuant to 11 U.S.C. § 727(a)(2)(A).

## COUNT II

### DENIAL OF DISCHARGE UNDER 11 U.S.C. § 727(a)(4)(A)

25. The UST repeats and incorporates all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

26. 11 U.S.C. § 727(a)(4)(A) provides that the Court shall grant a Debtor a discharge unless the debtor knowingly and fraudulently, in or in connection with the case - made a false oath or account.

27. The Debtors knowingly and fraudulently made a false oath at the Meeting of Creditors regarding potential claims and assets they possessed as of the date of filing.

28. The Debtors testified at the Meeting of Creditors that they were not involved in any lawsuits or legal actions where they might receive money or property, but the Complaint, Response and Amended Complaint filed in the Greene Plaintiff Lawsuit and the Answer filed in the Greene Defendant Lawsuit reveal that the Debtors were actively engaged in said lawsuits as of the date of the Meeting of Creditors.

29. The Debtors testified at the Meeting of Creditors that they did not have any assets not listed on their schedules, but the Debtors' Amended Schedule B (doc. 37) reveals that the Debtors possessed 61 Ab Coasters as of the date of the Meeting of Creditors.

30. The Debtors' knowing and fraudulent false oaths warrant a denial of discharge pursuant to 11 U.S.C. § 727(a)(4)(A).

## **REQUEST FOR RELIEF**

WHEREFORE, the United States Trustee prays the Court:

A. Enter a judgment declaring that the discharge of the Debtors from their debts is denied under 11 U.S.C. § 727; and

B. Enter such other relief as the Court deems just and proper.

Dated: November 15, 2010

Respectfully submitted,

Daniel M. McDermott
United States Trustee
Region 9

 /s/ Daniel O. Craine
Daniel O. Craine
Attorney for the U.S. Trustee
United States Department of Justice
Office of the United States Trustee
170 North High Street, Suite 200
Columbus, OH 43215
Telephone: (614) 469-7411 ext. 205
Facsimile: (614) 469-7448
 Email: daniel.craine@usdoj.gov

**CERTIFICATE OF SERVICE**

      I certify that on November 15, 2010, a copy of the foregoing COMPLAINT OBJECTING TO DISCHARGE was served on the following registered ECF participants, electronically through the court's ECF System at the email address registered with the court:

David E. Mortimer, lgarcia@rrohio.com; dmortimer@rrohio.com
Arland T. Stein, astein@hahnlaw.com
Attorneys for the Debtors

David M. Whittaker, dwhittaker@bricker.com; dwhittaker@ecf.epiqsystems.com
Chapter 7 Panel Trustee

Daniel O. Craine, daniel.craine@usdoj.gov
Attorney for the U.S. Trustee

John Joseph Cruciani, John.Cruciani@HuschBlackwell.com
Attorney for Ab Coaster Holdings, Inc.

and on the following by ordinary U.S. Mail addressed to:

Brian M. & Penny S. Greene
2333 Hawk Street
Lancaster, Ohio 43130

David E. Mortimer
3808 James Court, Suite 2
P.O. Box 788
Zanesville, Ohio 43702

Arland T. Stein
Hahn Loeser & Parks LLP
65 E. State St., Suite 1400
Columbus, OH 43215

Chase Bank USA, NA
c/o Mark J. Schultz
9140 Ward Parkway, Suite 200
Kansas City, MO 64114

                                                /s/ Daniel O. Craine
                                                Daniel O. Craine