# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| *In re*: <br><br> **Brian M. Greene and Penny S. Greene,** <br><br> Debtors | Case No. 10-55776 <br><br> Chapter 7 |
| **Ab Coaster Holdings, Inc.,** <br><br> Plaintiff, <br><br> vs. <br><br> **Brian M. Greene and Penny S. Greene,** <br><br> Defendants. | Adv. No. _____ |

## COMPLAINT

Plaintiff Ab Coaster Holdings, Inc. ("Ab Coaster Holdings") brings this action pursuant to 11 U.S.C. §§ 523(a)(6), 727(a)(4)(A) and 727(a)(2)(A) for determination of the dischargeability of a debt and for denial of the discharge of Brian M. Greene and Penny S. Greene (collectively "Debtors" or "Defendants"). In support of this Complaint, Ab Coaster Holdings states as follows:

### Parties

1.  Ab Coaster Holdings is a Delaware corporation with offices in Wilmington, Delaware.

2.  As of the date of the Chapter 7 filing, Defendants Brian M. Greene and Penny S. Greene had a last known address 2333 Hawk Street, Lancaster, Ohio 43130.

### Jurisdiction and Venue

3.  This Court has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334.

4.      This adversary proceeding is a "core" proceeding to be heard and determined by the Bankruptcy Court pursuant to 28 U.S.C. § 157(b)(2).

5.      This Court has venue over this proceeding under 11 U.S.C. §§ 1408 and 1409.

6.      This is an adversary proceeding pursuant to 11 U.S.C. §§ 523 and 727 of the Bankruptcy Code and Rules 4007 and 7001 of the Federal Rules of Bankruptcy Procedure to determine the dischargeability of a debt and a complaint of object to the Debtors' general discharge.

7.      Ab Coaster Holdings has standing to bring this Complaint under 11 U.S.C. §§ 523 and 727.

## Facts Common to All Counts

### *Ab Coaster Holdings' Products and Intellectual Property*

8.      Ab Coaster Holdings markets, distributes, and sells throughout the nation and many other countries the highly successful and popular exercise device known as the Ab Coaster® abdominal exercise device.

9.      Ab Coaster Holdings is also the owner of certain intellectual property in and to the Ab Coaster® device, including United States Patent Nos. 7,455,633; 7,485,079; 7,585,263; 7,611,445; D565,134; and D584,367.

10.     Ab Coaster Holdings is also the owner of various trade dress and trademark rights in and to its Ab Coaster® device, including the AB COASTER trademark and logo, trade dress in the overall appearance of device and various specific features on the device as alleged below. Its AB COASTER trademark is federally registered as United States Trademark Registration No. 3,407,362 for AB COASTER for manually operated exercise equipment.

11. Ab Coaster Holdings also owns numerous copyrights in its marketing materials, advertisements, infomercial materials, instructional materials, and surface features and indicia on its products, as well as other intellectual property in its Ab Coaster® products, parts, accessories, and associated materials.

12. At all times relevant to this action, Ab Coaster Holdings has been the sole and exclusive owner of the intellectual property listed above. All of this intellectual property has been valid and fully enforceable at all times relevant to this action, and they remain valid and fully enforceable today.

13. Additionally, Ab Coaster Holdings has marketed, distributed, and sold its Ab Coaster® exercise devices in interstate commerce under its AB COASTER trademarks since at least as early as March 1, 2007.

14. Ab Coaster Holdings has extensively advertised and promoted its Ab Coaster® product throughout the United States and in other countries bearing the AB COASTER trademarks and trade dress. As a result, Ab Coaster Holdings has developed in the minds of the public and trade a strong trademark significance and reputation in its AB COASTER trademarks and trade dress.

15. In particular, Ab Coaster Holdings has trade dress rights in and to, among other features, the overall appearance of its Ab Coaster® devices, such as the combination of the dual curved track, the forearm rest and the console, the front mast and superstrut and face plate, the front feet and rear feet, and the carriage and knee support. This trade dress has been extensively marketed and sold only by Ab Coaster Holdings from at least as early as March 1, 2007. As a result of this and the phenomenal success and acclaim of the Ab Coaster® device, these features and designs have acquired secondary meaning as Ab Coaster Holdings' proprietary trade dress.

These features and designs are not functional since other designs and features can be and are employed in competing exercise devices.

*Defendants' Counterfeit Devices and Offers for Sale*

16. On or about December 1, 2008, Ab Coaster Holdings became aware that Defendants and Professional Billing Consultants, Inc. had been selling or offering for sale a counterfeit Ab Coaster devices through, at least, the internet commercial sites ebay.com and craigslist.com.

17. Professional Billing Consultants, Inc., is a former Ohio corporation with a last known office address at 2333 Hawk Street, Lancaster, Ohio, 43130 that was dissolved in December 2009. Upon information and belief, Professional Billing Consultants, Inc. is now a d/b/a of Defendant Penny Greene.

18. This counterfeit Ab Coaster device appears to be identical in nearly every minute detail to the authentic Ab Coaster® device that is protected by the foregoing patents owned by Ab Coaster Holdings.

19. When asked where Defendants obtained the alleged genuine Ab Coaster device, Defendants advised Ab Coaster Holdings that the alleged genuine Ab Coaster devices were obtained from time to time from a Tennessee liquidation sale, from watching for used advertised sales, from flea markets, from yard sales and from individuals.

20. In fact, Defendants purchased not less than 78 counterfeit Ab Coaster devices by direct purchase from a company in China known as Evertop Hardware Industrial, Ltd. ("Evertop"). Defendants spent months arranging the purchase, coordinating the shipping and paying for the counterfeit Ab Coaster devices with Evertop during 2009. Upon information and

belief, prior to purchasing the counterfeit Ab Coaster devices from China, Defendants purchased one genuine Ab Coaster® device through an infomercial.

21. On November 12, 2009, Ab Coaster Holdings sent a cease and desist letter to the Defendants and Professional Billing Consultants, demanding that they cease selling its counterfeit device and informing them of its patent and trademark rights. In the letter, Ab Coaster Holdings informed the Defendants and Professional Billing Consultants that it was willing to file suit in Federal District Court unless the Defendants complied with its demands. Defendants and Professional Billing Consultants retained counsel and initiated negotiations for settlement, professing interest in resolving the matter and achieving complete compliance with Ab Coaster Holdings' cease and desist letter. Nevertheless, on January 13, 2010, the defendants and Professional Billing Consultants filed suit in the Southern District of Ohio against Ab Coaster Holdings (Case No. 10-CV-0038)(the "Greene Action").

22. On or about April 6, 2010 (just five weeks before the instant bankruptcy proceeding was commenced), the Defendants filed a First Amended Complaint for Declaratory Judgment and False Marking (the "First Amended Complaint"). The Defendants requested through the First Amended Complaint that the District Court levy a penalty against Ab Coaster Holdings of $500 per offense pursuant to 35 U.S.C. § 292. The Defendants also sought attorney fees from Ab Coaster Holdings in the Greene Action.

23. Ab Coaster Holdings is informed and based thereon believes and alleges that Defendants and Professional Billing Consultants knew or should have known of Ab Coaster Holdings' patent and trademark rights and nevertheless offered for sale and sold the accused exercise device and adopted and marketed the accused devices under the AB COASTER

trademarks with full knowledge of and without ever seeking or obtaining any consent or authorization from Ab Coaster Holdings to do so.

24. Consequently, on January 20, 2010, Ab Coaster Holdings filed a Complaint for Damages and Injunctive Relief in the United States District Court of the Central District of California (Case No. 10-0397) against Defendants and Professional Billing Consultants (the "Ab Coaster Holdings Action") seeking (1) injunctive relief against Defendants' and Professional Billing Consultants' infringement of Ab Coaster Holdings' foregoing patent rights; (2) injunctive relief against Defendants' and Professional Billing Consultants' unauthorized and improper commercial use of a trademark confusingly similar to the AB COASTER trademarks and trade dress for sales of essentially identical exercise devices; (3) damages to fully compensate Ab Coaster Holdings for the infringements, including the greater of Ab Coaster Holdings' lost profits and Defendants' and Professional Billing Consultants' illicit gains, increased up to three times; and (4) reimbursement of Ab Coaster Holdings' attorneys' fees and costs for having to bring the suit to enforce its patent and trademark rights.

25. Ab Coaster Holdings sought the foregoing relief through four counts: (1) Patent Infringement (35 U.S.C. §§ 281 and 289); (2) Federal Trademark and Trade Dress Infringement (15 U.S.C. §§ 1114 and 1125(a)); Federal Unfair Competition (15 U.S.C. § 1125(a)); and (4) Unfair Competition under State and Common Law (California Business & Professions Code §§17200 and 17203).

26. Ab Coaster Holdings incorporates by reference its Complaint for Damages and Injunctive Relief in the Ab Coaster Holdings Action.

27. The venue for Ab Coaster Action was changed to the United States District Court for the Southern District of Ohio where it is currently assigned Case No. 10-234. The Ab

Coaster Holdings Action and the Greene Action have been consolidated and are stayed pending Order of this Court.

28. As more fully set forth in the Ab Coaster Holdings Action, Defendants and Professional Billing Consultants used in commerce the AB COASTER trademarks and trade dress in their offers for sale of the accused exercise devices in such as way as would cause confusion or mistake, or would deceive the public into believing that Defendants' and Professional Billing Consultants' products are associated or affiliated with or approved by Ab Coaster Holdings. Ab Coaster Holdings never consented to or authorized Defendants' and Professional Billing Consultants' adoption or use of the AB COASTER marks or trade dress for sales of any products.

29. In summary, Ab Coaster Holdings has alleged Defendants of willful and deliberate counterfeiting, trademark infringement, copyright infringement and patent infringement by purposely seeking knockoff AB COASTER products from a spurious source in China, knowingly causing them to be imported in the United States, and defrauding the public with sales of these counterfeit products. At the same time, Defendants told Ab Coaster Holdings and the public that their bogus machines were legitimate Ab Coaster exercisers, obtained as "gifts" or "slightly used." Defendants' calculated counterfeiting activities have severely damaged Ab Coaster Holdings. Under the Lanham Act, Ab Coaster Holdings is entitled to an award of treble the profits or damages (whichever is greater) caused by the counterfeiting plus reasonable attorneys fees (15 USC §1117(b)(1)) or statutory damages of up to $2 million pursuant to 15 USC 1117(c)(2). Ab Coaster Holdings is further entitled to damages and attorneys fees for related copyright infringement and patent infringement activities by the Defendants.

### *Defendants' Bankruptcy Filing*

30. Defendants filed their Chapter 7 bankruptcy proceeding in this Court on May 13, 2010. As more fully set forth below, in their original Schedules and Statement of Financial Affairs, Debtors did not disclose the existence of the Ab Coaster Holdings Action and the Greene Action, did not schedule the Greene Action as an asset, did not schedule Ab Coaster Holdings as a creditor or otherwise provide Ab Coaster Holdings notice of the bankruptcy and did not disclose 61 counterfeit Ab Coaster devices they owned.[1]

31. Upon information and belief, Debtors did not disclose at the § 341 meeting of creditors anything with respect to the Ab Coaster Holdings Action, the Greene Action and/or the 61 counterfeit Ab Coaster devices they owned.

32. On August 13, 2010, the Debtors filed an Amended Schedule F, adding Ab Coaster Holdings as an unsecured creditor of this bankruptcy estate.

33. Despite the fact that the Ab Coaster Holdings Action and the Greene Action were pending pre-petition and the Debtors now assert their alleged claims against Ab Coaster Holdings have substantial value, Debtors did not list the alleged asset in their original Schedule B,[2] did not disclose either piece of litigation in the Statement of Financial Affairs[3] and did not list Ab Coaster Holdings as a creditor[4] until three months after the petition date (on the eve of the original § 523 and § 727 deadlines).

34. Moreover, even with the amendments to the schedules and statement of financial affairs on August 13, 2010, Debtors' still failed to disclose that they owned 61 Ab Coaster devices, which Ab Coaster Holdings asserts are counterfeit. Rather, Defendants did not disclose

---

[1] *See* Schedule B, #30 [Docket No. 1].
[2] *See* Schedule B, #21 [Docket No. 1].
[3] *See* Statement of Financial Affairs, #4 [Docket No. 1].
[4] *See* Schedule F [Docket No. 1].

their ownership of 61 Ab Coaster devices until a second amended Schedule B filed on or about September 16, 2010.

35. Ab Coaster Holdings is a creditor of the Defendants by virtue of the damages Ab Coaster Holdings has sustained as more fully set forth in the Ab Coaster Holdings Action in an amount yet to be determined.

## Count I
### Determination of Dischargeability of a Debt Under 11 U.S.C. § 523(a)(6)

36. Ab Coaster Holdings repeats and incorporates all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

37. 11 U.S.C. § 523(a)(6) provides that a discharge under section 727 of the Bankruptcy Code does not discharge an individual debtor from any debt for willful and malicious injury by the debtor to another entity or to the property of another entity.

38. As more fully set forth herein, the Defendants willfully and intentionally purchased counterfeit Ab Coaster devises from Evertop in China.

39. The Defendants lied to Ab Coaster Holdings about how and where they obtained the counterfeit Ab Coaster devises to perpetuate and further their scheme.

40. The Defendants advertised, put into commerce and sold the counterfeit Ab Coaster devices as genuine Ab Coaster devices to further their own financial interests to the detriment of Ab Coaster Holdings.

41. The Defendants knew that their conduct was certain or almost certain to cause harm to Ab Coaster Holdings such that Defendants' actions were malicious.

42. The Defendants knew the consequences of selling the counterfeit Ab Coaster devices and the damage to Ab Coaster Holdings that was certain or substantially certain to result from their conduct.

43. Ab Coaster Holdings was, in fact, damaged and continues to be damaged by the Defendants' willful and malicious conduct.

## Count II
### Denial of Discharge Under 11 U.S.C. § 727(a)(4)(A)

44. Ab Coaster Holdings repeats and incorporates all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

45. 11 U.S.C. § 727(a)(4)(A) provides that the Court shall grant a debtor a discharge unless the debtor knowingly and fraudulently, in or in connection with the case-made a false oath or account.

46. In connection with his Chapter 7 petition, the Defendants filed the required bankruptcy schedules and affirmed, under penalty of perjury, that they were "true and correct to the best of [their] knowledge, information, and belief."

47. The Debtors knowingly and fraudulently made false oaths in their original bankruptcy Schedules and Statement of Financial Affairs by failing to:

   a. Disclose the existence of the Ab Coaster Holdings Action and the Greene Action in the Statement of Financial Affairs;

   b. Schedule as an asset in Schedule B the Greene Action;

   c. Schedule as an asset in Schedule B the inventory of 61 counterfeit Ab Coaster devices they owned; and

   d. List Ab Coaster Holdings as a creditor or otherwise provide Ab Coaster Holdings notice of the bankruptcy.

48. The declarations the Defendants made with respect to their original bankruptcy Schedules and Statement of Financial Affairs under penalty of perjury have the force and effect of oaths of the kind encompassed by the § 727(a)(4) discharge exception for making a false oath.

49. Upon information and belief, the Defendants provided false oaths and statements at their § 341 Meeting of Creditors in that the Defendants testified that their bankruptcy schedules were accurate and complete, that they had listed all of their assets and debts, and, that they were not involved in any lawsuits or legal actions where whey might receive money or property.

50. The false oaths made by the Defendants were material and made with intent to defraud in that the Defendants intended to hide from their bankruptcy estate and the bankruptcy trustee claims and assets they believe to have value. In addition, the Defendants did not provide Ab Coaster Holdings, the counter party in the litigation, notice of the bankruptcy until nearly three months after the petition date in an effort to further their false oaths and hide their assets and claims.

51. The false oaths here are material in that they relate to the Debtors' business transactions and the bankruptcy estate, and in that they concern the discovery of assets or the existence or disposition of property.

52. The Defendants' knowing and fraudulent false oaths warrant a denial of discharge pursuant to 11 U.S.C. § 727(a)(4)(A).

**<u>Count III</u>**
**Denial of Discharge Under 11 U.S.C. § 727(a)(2)(A)**

53. Ab Coaster Holdings repeats and incorporates all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

54. Section 727(a)(2)(A) of the Bankruptcy Code provides that the Court shall grant a debtor a discharge unless the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property has transferred, removed, destroyed,

mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed - property of the debtor, within one year before the date of the filing of the petition.

55. The Defendants purposefully concealed a potential claim and assets, specifically the claims asserted in the Greene Action and the inventory of 61 counterfeit Ab Coasters devices, with specific intent to defraud an officer of the estate.

56. The Defendants' concealment of potential assets of the estate warrant a denial of discharge pursuant to 11 U.S.C. § 727(a)(2)(A).

### **Request for Relief**

WHEREFORE, Ab Coaster Holdings requests that this Court enter a judgment against the Defendants as follows:

- Declaring that the discharge of the Debtors/Defendants from their debts owed to Ab Coaster Holdings is denied under 11 U.S.C. § 523(a)(6);

- Declaring that the discharge of the Debtors/Defendants from their debts is denied under 11 U.S.C. § 727(a)(4)(A);

- Declaring that the discharge of the Debtors/Defendants from their debts is denied under 11 U.S.C. § 727(a)(2)(A)and

- Enter such other relief as the Court deems just and proper.

Dated this 16th day of November, 2010

                                 Respectfully submitted,

                                 */s/ John J. Cruciani*
                                 John J. Cruciani    KS #16883; MO#43073
                                 HUSCH BLACKWELL LLP
                                 4801 Main Street, Suite 1000
                                 Kansas City, Missouri 64112
                                 (816) 983-8000; FAX (816) 983-8080
                                 john.cruciani@huschblackwell.com

                                 *Attorneys for Ab Coaster Holdings, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 16, 2010, a true and correct copy of the above and foregoing Complaint was served on the following registered ECF participants, electronically through the Court's CM/ECF System at the e-mail address registered with the Court:

David E. Mortimer, lgarcia@rrohio.com; dmortimer@rrohio.com
Arland T. Stein, astein@hahnlaw.com
Attorneys for the Debtors

David M. Whittaker, dwhittaker@bricker.com; dwhittaker@ecf.epiqsystems.com
Chapter 7 Panel Trustee

Pamela Arndt, pamela.d.rice@usdoj.gov
Attorney for the U.S. Trustee

Daniel O. Craine, daniel.craine@usdoj.gov
Attorney for the U.S. Trustee

Assistant U. S. Trustee, ustpregion09.cb.ecf@usdoj.gov

Mark R Lembright, Mlembright@feltyandlembright.com
Attorney for Creditor Flagstar Bank, FSB

and on the following by U.S. Mail, postage prepaid and addressed to:

Brian M. & Penny S. Greene
2333 Hawk Street
Lancaster, Ohio 43130

David E. Mortimer
3808 James Court, Suite 2
P.O. Box 788
Zanesville, Ohio 43702

Arland T. Stein
Hahn Loeser & Parks LLP
65 E. State St., Suite 1400
Columbus, OH 43215

Chase Bank USA, NA
c/o Mark J. Schultz
9140 Ward Parkway, Suite 200
Kansas City, MO 64114

              */s/ John J. Cruciani*
              JOHN J. CRUCIANI, *Attorney*